UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEIL P. LUND,

                Plaintiff,                No. 07-CV-10686-DT

vs.                                          Hon. Gerald E. Rosen

CITIBANK (WEST) FSB, s/b/m to
CALIFORNIA FEDERAL BANK f/k/a
CALIFORNIA FEDERAL BANK, a
federal savings bank,

                Defendant.
_____/

ORDER ADOPTING, WITH MODIFICATION, THE MAGISTRATE
JUDGE'S 6/26/07 REPORT AND RECOMMENDATION, AND
<u>DISMISSING PLAINTIFFS' COMPLAINT, IN ITS ENTIRETY, WITH PREJUDICE</u>

      At a session of said Court, held in
      the U.S. Courthouse, Detroit, Michigan
      on     November 14, 2007

      PRESENT:  Honorable Gerald E. Rosen
                       United States District Judge

This matter is presently before the Court on Plaintiff's Objections to the June 26, 2007 Report and Recommendation of United States Magistrate Judge Virginia M. Morgan recommending that the Court grant Defendant Citibank's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6) and its subsequently filed Motion for Rule 11 Sanctions. The Magistrate Judge recommends that the various claims asserted in Plaintiff's Complaint be dismissed on *Rooker-Feldman*, *res judicata*, and statute of

1

limitations grounds.

Having reviewed and considered the Magistrate Judge's Report and Recommendation, Plaintiff's Objections and the Court's entire file of this matter, the Court has concluded that for reasons stated in the Report and Recommendation, and for the further reasons set forth below, this case should be dismissed in its entirety, with prejudice.

## BACKGROUND

Plaintiff's Complaint in this action arises out of his (and his wife's) default on a residential mortgage note for more than $550,000 for the purchase of a home in Oakland County, Michigan. Citibank instituted foreclosure proceedings in Oakland County Circuit Court. The state court entered a judgment for $771,702 and granted foreclosure. The Lunds appealed the Circuit Court's decision to the Michigan Court of Appeals.

While the appeal was pending in the Court of Appeals, Plaintiff Neil Lund, acting *pro se*,[1] filed the instant federal lawsuit seeking to enjoin the foreclosure of his property and also seeking damages for claims of violations of the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA").[2]

---

[1] Plaintiff proceeded *pro se* until after the Magistrate Judge issued her Report and Recommendation at the end of June. On the last date for filing Objections, July 16, 2007, Attorney Jack B. Wolfe filed his Appearance on behalf of Plaintiff and, the next day, electronically filed Objections to the R&R.

[2] Plaintiff also attempted to file two petitions for bankruptcy under Chapter 7 to avoid foreclosure of his property which were summarily dismissed by the Bankruptcy Court. (These were actually the fourth and fifth of five bankruptcy filings attempted by

Pursuant to the Oakland County Circuit Court's judgment, a public foreclosure sale of Plaintiff's property was held on October 3, 2006. Defendant Citibank was the highest bidder at the sale and was awarded a Sheriff's Deed to the property. On November 8, 2006 the state court entered an order confirming the foreclosure sale. Then, on June 26, 2007, i.e., the same day that the Magistrate Judge issued her R&R, the Michigan Court of Appeals decided the Lunds' appeal and affirmed the Circuit Court's judgment.[3] No further appeal has been taken and the time for doing so has expired.

## DISCUSSION

Plaintiff's Complaint in this action contains a laundry list of 20 counts against Citibank. Plaintiff states therein that this action is one for rescission of the Citibank

---

Plaintiff.) In the last of these two bankruptcy filings, the Bankruptcy Court specifically entered an order almost immediately after the filing of Plaintiff's petition declaring that

> The automatic stay is deemed inapplicable and does not apply to Citibank... or in any bankruptcy case subsequently filed, with respect to the Property... and to all pending litigation between Citibank and the Debtor regarding the Property, including, but not limited to the following:
>
> a. *Citibank (West) FSB v. Lund*, Oakland County Circuit Court Case No. 05-070215-CH;
> b. *Citibank (West) FSB v. Lund*, Michigan Court of Appeals Case No. 272690;
> c. *Lund v. Citibank (West) FSB*, U.S. District Court for the Eastern District of Michigan Case No. 07-10686; and
> d. *Citibank (West) FSB v. Lund*, 48th District Court Case No. 07-31503-LT.

[U.S. Bankruptcy Court, E.D. Mich. Case No. 07-53024, 7/16/07 Order Finding Automatic Stay Inapplicable to Citibank.]

[3] The redemption period for the Lunds to have redeemed the property expired three months earlier, on April 3, 2007.

3

Borrower's Note and to enjoin Citibank from "continuing in force and affect [sic] an unlawful sale and transfer of title against the property of Plaintiff." [Complaint, ¶¶ 1, 119.] Lund seeks to (1) enjoin Citibank and others "from dispersing and damaging private property and title to Plaintiff [sic] property," *id.* at ¶ 127 and (2) rescind the Citibank Mortgage and Borrower's Note. *Id.* at ¶ 129. He also asserts in Counts 1, 2, 4 through 15, and 17 through 19 causes of action against Citibank under TILA. Also, in counts 1, 9, 16 and 19, Plaintiff alleges general violations of RESPA.

As Magistrate Judge Morgan observed, many of the issues Plaintiff seeks to litigate in this action were presented and decided in the state court foreclosure action. Therefore, as the Magistrate Judge found, Plaintiff's claims are barred by the doctrine of *res judicata*.[4]

To the extent that some of Plaintiff's claims concerning the foreclosure of his property may not be barred by the *res judicata* doctrine, Plaintiff is collaterally estopped

---

[4] The Magistrate Judge also recommended that the Court find these claims barred by the *Rooker-Feldman* doctrine. However, the Report and Recommendation does not mention the most recent Supreme Court and Sixth Circuit decisions which hold that the *Rooker-Feldman* doctrine may only be applied if the federal district court complaint is filed *after* the state court case has become final. *See Exxon Mobil Corporation v. Saudi Basic Industries Corp.*, 544 U.S. 280, 125 S.Ct. 1517 (2005)*; Gilbert v. Ferry*, 413 F.3d 578 (6th Cir. 2005) (en banc); *see also Fieger v. Ferry*, 471 F.3d 637 (6th Cir. 2006). Here, the state court foreclosure action was still pending in the Michigan Court of Appeals at the time that Plaintiff filed his federal Complaint. Therefore, the *Rooker-Feldman* doctrine is inapplicable with respect to Plaintiffs' claims concerning the mortgage note and the foreclosure of his property. Nonetheless, as discussed in this Opinion, even though *Rooker-Feldman* may not bar this action, the doctrines of *res judicata* and/or collateral estoppel preclude Plaintiff from litigating those claims here.

4

from raising these claims.

Whereas *res judicata* precludes relitigation of previously adjudicated *claims*, collateral estoppel precludes relitigation of *issues* or *facts* that have already been decided in a prior litigation. *Wilcox v. Sealy*, 132 Mich. App. 38, 46 (1984). "Where issues of fact or law have been finally determined by a court of competent jurisdiction in one legal action which are essential to the maintenance of another legal action, it is universally held that the second action must fail." *Jones v. Chambers*, 353 Mich. 674, 680 (1958).

The goal of collateral estoppel is to balance the right and interests of a party to be heard and the public's interest in discouraging repetitive litigation. *See People v. Gates*, 434 Mich. 146, 154 (1990); *Howell v. Vito's Trucking Co.*, 386 Mich. 37, 48 (1971). As the Michigan Court of Appeals explained in *Minicuri v. Scientific Data Mgmt., Inc.*, 243 Mich. App. 28 (2000), collateral estoppel and the related preclusion doctrine of *res judicata* "serve an important function [by] conserv[ing] judicial resources" and giving finality to disputes:

> The preclusion doctrines serve an important function in resolving disputes by imposing a state of finality to litigation where the same parties have previously had a full and fair opportunity to adjudicate their claims. By putting an end to litigation, the preclusion doctrines eliminate costly repetition, conserve judicial resources, and ease fears of prolonged litigation.

243 Mich. App. at 33.

Michigan has three requirements for collateral estoppel or "issue preclusion":

(1) a question of fact essential to the judgment [in the second action] must have been actually litigated and determined by a valid and final judgment

5

> [in the first action]; (2) the same parties must have had a full [and fair] opportunity to litigate the issue; and (3) there must be mutuality of estoppel.

*McCormick v. Braverman, supra*, 451 F.3d at 397 (quoting *Monat v. State Farm Ins. Co.*, 469 Mich. 679, 677 N.W.2d 843, 845-46 (2004)) (citation omitted.) Mutuality, however, is not required, where collateral estoppel is used defensively. *Monat, supra*, 469 Mich at 691, 677 N.W.2d at 843 ("[W]e believe that the lack of mutuality of estoppel should not preclude the use of collateral estoppel when it is asserted defensively to prevent a party from relitigating an issue that such party has already had a full and fair opportunity to litigate in a prior suit."). Since the Defendant is using defensive collateral estoppel in this case, mutuality is not required.

The other two requirements have also been met. First, the issues concerning the foreclosure raised in the Plaintiff's federal claims were actually litigated and determined by a valid and final judgment in the state foreclosure action. "When an issue is properly raised, ... submitted for determination, and is determined, the issue is actually litigated . . . ." *Gilbert v. Ferry, supra*, 413 F.3d at 581 (quoting Restatement (Second) of Judgments § 27, cmt. d (1982)). Further, Plaintiff had a full and fair opportunity to litigate the issues and did, in fact, respond to the allegations made against him in the Oakland County Circuit Court and the Michigan Court of Appeals.

For the foregoing reasons, and for the reasons stated in the Magistrate Judge's Report and Recommendation, Plaintiff is precluded from pursuing the claims he raises in this case concerning his mortgage note and the foreclosure of his property. Additionally,

with respect to Plaintiff's TILA and RESPA claims, to the extent that these claims may not also be barred by the *res judicata* or collateral estoppel doctrines, the Court concurs with the Magistrate Judge's determination that these claims are barred by the applicable statutes of limitations.

The Court also concurs in the Magistrate Judge's finding that Plaintiff's filing of this lawsuit -- and continued pursuit of it after having been provided with the 21-day "safe harbor" opportunity to voluntarily dismiss it -- violates Fed. R. Civ. P. 11. Therefore, the Court will award Defendant its costs and attorneys fees incurred in defending this action. Counsel for Defendant shall submit to the Court a verified and documented affidavit of such costs and fees within 10 days of the date of this Order.

## CONCLUSION

For all of the foregoing reasons,

IT IS HEREBY ORDERED that the Magistrate Judge's June 26, 2007 Report and Recommendation is adopted, with the modification and supplementation set forth in this Order.

IT IS FURTHER ORDERED that Defendant's motion to dismiss [Dkt. # 4] is GRANTED.

IT IS FURTHER ORDERED that Defendant's motion for sanctions [Dkt. # 9] is GRANTED. Counsel for Defendant shall submit to the Court a verified and documented affidavit of the costs and fees in incurred in defending this action within 10 days of the date of this Order.

IT IS FURTHER ORDERED that Plaintiff's Complaint is DISMISSED, in its entirety, WITH PREJUDICE.

Let judgment be entered accordingly.

                                s/Gerald E. Rosen
                                Gerald E. Rosen
                                United States District Judge

Dated: November 14, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 14, 2007, by electronic and/or ordinary mail.

                                s/LaShawn R. Saulsberry
                                Case Manager